2IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL T. JONES § | |
| § | |
| V. § | A-14-CA-802-SS |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Dept. of Criminal Justice- § | |
| Correctional Institutions Division § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 14); Petitioner's reply (Document 15); Petitioner's amended reply (Document 16); Petitioner's supplemental reply (Document 17); and Petitioner's "Motion of Rebuttal to the State Court's Presumption of Correctness," construed as a supplemental reply (Document 18). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to two judgments and sentences of the 331st Judicial District Court of Travis County, Texas, in cause

numbers 80,946 (aggravated robbery) and D-1-DC-13-302011 (burglary of a building, enhanced). After pleading guilty to aggravated robbery, a jury assessed Petitioner's punishment at 30 years' imprisonment on April 9, 1986. On December 8, 2011, Petitioner was released on mandatory supervision. His mandatory supervision was subsequently revoked on October 3, 2013, due to committing the burglary offense. As a result of the revocation, Petitioner's street time was forfeited, and his sentence expiration date was recalculated. In addition, on or about November 19, 2013, Petitioner was sentenced to two years' imprisonment for the burglary offense.

**B.     Grounds for Relief**

Petitioner does not challenge either of his holding convictions. Rather, Petitioner argues the resulting change in his sentence expiration date for his robbery conviction constitutes a violation of the separation of powers doctrine and the double jeopardy clause.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings. On July 16, 2014, the Texas Court of Criminal Appeals denied Petitioner's application for habeas corpus relief without written order on the findings of the trial court without a hearing. Ex parte Jones, Appl. No. 16,561-18 at cover.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

In 2011, the Supreme Court summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 AEDPA. See Harrington v. Richter, 562 U.S. 86 (2011).

The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that

decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28

U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**B.     Double Jeopardy**

Petitioner argues the recalculation of his sentence expiration violates the double jeopardy clause. Respondent construes this as Petitioner claiming he is entitled to street-time credit. Although Petitioner objects to this construction it appears that the Respondent is correct. Petitioner's sentence was recalculated because he was not entitled to credit on his sentence for the time he spent on mandatory supervision, also known as "street time." The law in this Circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by violating parole or mandatory supervision a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision before the violation. See Cortinas v. United States Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir.), cert. denied, 493 U.S. 856 (1989); United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.), cert. denied, 409 U.S. 987 (1972); Betts v. Beto, 424 F.2d 1299 (1970).

Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision. Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. See Coronado v. United States Board of Parole, 540 F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969). Petitioner is not being forced to serve more than his 30-year sentence and has not

5

been subjected to double jeopardy. Petitioner violated the terms of his supervision, and as a result, lost any credit for the time he spent on mandatory supervision.

Petitioner is also not entitled to his street-time credit based on Texas law governing parole and mandatory supervision. The Texas parole statute in effect at the time the controlling offense was committed (January 8, 1986) provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE CRIM. PROC. art. 42.12 § 22 (Vernon's 1985) (currently TEX. GOV'T CODE ANN. § 508.156(e) (West 2012)). Accordingly, Petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole or mandatory supervision. In addition, Petitioner does not deny that prior to his release on mandatory supervision he received notice that he would not receive credit for the time spent on mandatory supervision if his mandatory supervision was revoked.

Finally, even under the Texas statute addressing street-time credit in effect in 2013, at the time of Petitioner's revocation, Petitioner is not entitled to credit. That statute read in pertinent part:

> (c)   If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount to time equal to the

> remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE ANN. § 508.283 (West 2014).  Therefore, before an inmate can be entitled to restoration of street-time credit, he must not be serving a sentence for, and must not previously have been convicted of, a crime described in section 508.149(a) of the Texas Government Code.

The Texas Court of Criminal Appeals has held that "[e]ligibility under § 508.283(c) for credit against sentence for time spent on early release is determined by the law in effect on the date the releasee's parole or mandatory supervision was revoked, including the version of § 508.149(a) in effect on the date of revocation," rather than on the date of the releasee's original offense.  Ex parte Hernandez, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); see also Ex parte Johnson, 273 S.W.3d 340, 342-43 (Tex. Crim. App. 2008) (whether a person, whose mandatory supervision is revoked, is entitled by statute to time credit, against the prison sentence upon revocation of mandatory supervision, for time spent on release pursuant to mandatory supervision, depends, in part, on his status on the date of revocation, i.e., whether at such time he is serving a sentence for or has been previously convicted of an offense which makes him ineligible for mandatory supervision).

Petitioner was serving a sentence for aggravated robbery with a deadly weapon, one of the offenses listed in section 508.149(a) of the Texas Government Code.  See TEX. GOV'T CODE § 508.149(a)(1).  Because at the time of his mandatory supervision revocation, Petitioner was a person described in § 508.149(a), he was not entitled to street-time credit on his sentence for time spent on mandatory supervision prior to revocation.

Moreover, even if Petitioner had not been "a person described by Section 508.149(a)," Petitioner still would not be entitled to street-time credit.  The pre-revocation warrant for Petitioner's

arrest was issued on October 3, 2013.  Therefore, Petitioner failed to make it to his midpoint calculation date.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, Petitioner's claim does not warrant federal habeas relief.

**C.    Separation of Powers**

In addition, Petitioner argues TDCJ violated the Separation of Powers Doctrine.  This argument concerns actions involving state branches of government. Thus, Petitioner has not stated a federal constitutional violation based on the Separation of Powers Doctrine.  <u>Sweezy v. New Hampshire</u>, 354 U.S. 234, 255 (1957).

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of March, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE