IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 JUL 14  PM 3: 28
CLERK U. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

MICHAEL T. JONES,

                Petitioner,

-vs-                                                  Case No.  A-14-CA-802-SS

WILLIAM STEPHENS,

                Respondent.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Michael T. Jones's Petition for Writ of Habeas Corpus [#1], the Report and Recommendation of the United States Magistrate Judge [#20], Petitioner's Objection [#23], Supplemental Objection [#24], and Second Supplemental Objection [#26] to the Report and Recommendation, Petitioner's Motion for Certificate of Appealability [#27], and Petitioner's Motions for Leave to File a Writ of Mandamus [##22, 28, 29].

All matters in this case were referred to United States Magistrate Judge Andrew Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Jones is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

**Background**

A.      **Jones's Criminal History**

Stephens avers he has lawful custody of Jones pursuant to two judgments and sentences of the 331st Judicial District Court of Travis County, Texas.  On April 9, 1986, a jury sentenced Jones to 30 years' imprisonment following his open guilty plea to aggravated robbery with a deadly weapon.  On December 8, 2011, Jones was released from confinement and placed on mandatory supervision.  While on mandatory supervision, Jones was arrested for burglary of a building, enhanced, and his mandatory supervision was revoked on October 3, 2013.  Following the revocation, Jones forfeited a credit against his original sentence for the time he spent on mandatory supervision, or "street-time credit,"[1] and his sentence expiration date was recalculated.  Additionally, on November 19, 2013, Jones was sentenced to two years' imprisonment for the burglary offense.

B.      **Jones's Alleged Grounds for Relief**

Jones does not challenge either of his convictions.  Instead, Jones complains the change in the expiration date of his sentence following his robbery conviction violates (1) the Double Jeopardy Clause of the Fifth Amendment and (2) separation of powers.

C.      **Exhaustion of Remedies**

There is no dispute Jones has exhausted his state remedies.  The record reflects the Texas Court of Criminal Appeals denied Jones's application for habeas corpus relief without written order on July 16, 2014.  *See Ex parte Jones*, Appl. No. WR-16,561-18 at cover [#12-14].

---

[1] *See Ross v. Cockrell*, No. Civ. A. 3:02-CV-1131-L, 2002 WL 31415979, at *2 (N.D. Tex. Oct. 17, 2002) (defining "street-time credit").

**Analysis**

## I.    Legal Standard

Federal habeas corpus relief is governed primarily by the Antiterrorism and Effective Death Penalty Act of 1996, colloquially known as AEDPA.  Section 2254 permits the granting of federal habeas relief where a state court denies a prisoner's habeas claim in only three circumstances: (1) when the state court's decision "was contrary to" clearly established federal law as decided by the Supreme Court; (2) when the state court's decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court.  *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  The obligation to defer to state court decisions created by § 2254(d) "does not require that there be an opinion from the state court explaining the state court's reasoning"; in that scenario, deference remains afforded, and the habeas petitioner has the burden to show there was "no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

## II.    Application

As previously noted, Jones argues the recalculation of his sentence expiration date following his burglary conviction violates (1) the Double Jeopardy Clause and (2) separation of powers.  Neither argument has merit.

First, the Court agrees with the Magistrate Judge that Jones's purported "double jeopardy" complaint is, in reality, a complaint Jones has been denied street-time credit against his original sentence, despite Jones's urging to the contrary.  Jones's argument is rejected for two reasons:

(1) under Texas law, having violated the terms of his mandatory supervision, Jones is no longer entitled to street-time credit; and (2) Jones has no colorable constitutional claim.

Because revocation of Jones's mandatory supervision occurred in 2013, Texas Government Code § 508.283 controls the effect of the revocation on Jones's original sentence. *Rhodes v. Thaler*, 713 F.3d 264, 267 & n.17 (5th Cir. 2013) (citing *Ex parte Noyola*, 215 S.W.3d 862, 864 (Tex. Crim. App. 2007) (Section 508.283 "applies to all revocations of parole and mandatory supervision that occur on or after September 1, 2001.")). Section 508.283(b) provides:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

TEX. GOV'T CODE § 508.283(b). Section 508.283 thus excludes from street-time credit an offender described in § 508.149(a) whose parole or mandatory supervision is revoked. Jones, who committed aggravated robbery, is described in § 508.149(a). *See id.* § 508.149(a)(12) (describing an offender convicted of aggravated robbery); State Court Records [#11-1] at 26 (Judgment on Jury Verdict of Guilty) (stating Jones is convicted of "Aggravated Robbery with a Deadly Weapon to-wit: a firearm," a "1st degree felony"). Because Jones violated the terms of his supervision by committing a burglary, under § 508.283(b), Jones lost his entitlement to street-time credit for the period of time he spent under mandatory supervision.

Jones has not been subjected to double jeopardy. Mandatory supervision "does not add to a prisoner's sentence but allows him to serve part of it outside of prison subject to some restrictions. . . . [T]he violation of those conditions may forfeit . . . credit for time spent on conditional release." *Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 218 (5th Cir. 1976). "Couching

the attack in terms of the double jeopardy clause does not change the result; conditions of mandatory release are not additional to, but part of, [the offender's] original sentence." *Id.* An offender who violates the terms of his parole or mandatory supervision "has no federal constitutional right to credit on his sentence for time spent on parole." *Ross*, 2002 WL 31415979 at *2 (citing *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *Betts v. Beto*, 424 F.2d 1299, 1300 (5th Cir. 1970) (per curiam)).

Second, the Court agrees with the Magistrate Judge that Jones has not stated a federal constitutional violation based on the separation-of-powers doctrine. Jones argues the Texas Department of Criminal Justice, in (properly) denying him street-time credit, has violated the separation of powers. Jones's argument involves state branches of government; consequently, Jones has failed to state a federal constitutional violation based upon separation of powers. *See Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957) ("[T]he concept of separation of powers embodied in the United States Constitution is not mandatory in state governments."). Jones's second argument is rejected.

### Conclusion

Having independently reviewed the record, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of the facts in light of the evidence presented. Thus, the Court agrees with the Magistrate Judge's conclusion Jones is not entitled to habeas relief.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings,

effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Jones's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly:

IT IS ORDERED that Petitioner Michael T. Jones's Objections [##23, 24, 26] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#20] is ACCEPTED;

-6-

IT IS FURTHER ORDERED that Petitioner Michael T. Jones's Petition for Writ of Habeas Corpus [#1] is DENIED;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED;

IT IS FINALLY ORDERED that Petitioner Michael T. Jones's Motion for Certificate of Appealability [#27] and Motions for Leave to File Writ of Mandamus [##22, 28, 29] are DISMISSED.

SIGNED this the 14ᵗʰ day of July 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE